```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

RICHARD ESTEP and
JAMES RUNYON and
LAUREL HUDDLESTON and
SHERIDAN MARTIN and
SHERRI YOUNG,

      Plaintiffs,

v.                                Civil Action No. 2:11-cv-00456

UNITED STATES DEPARTMENT OF COMMERCE,

      Defendant.


## MEMORANDUM OPINION AND ORDER

Pending are defendant's motion to dismiss, filed October 31, 2011, and plaintiffs' motion to transfer, filed November 16, 2011.

I.

This action, arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1 et seq., was commenced by the five named plaintiffs as an individual action as well as a proposed collective action under 29 U.S.C. § 216(b).  Plaintiffs Richard Estep, James Runyon, and Sheridan

Martin (the "Kentucky plaintiffs") reside in the state of Kentucky.  Plaintiffs Laurel Huddleston and Sherri Young (the "West Virginia plaintiffs") are residents of Kanawha County, West Virginia.

Each plaintiff was employed by defendant, the United States Department of Commerce, for various lengths of time between November 2007 and September 2010, in connection with the decennial census.  Plaintiffs allege that during this time they were required to work between 20 to 40 hours of weekly overtime, but were compensated for only six hours of overtime per week, in contravention of the federal and state wage statutes.  The complaint does not specify the amount of unpaid wages to which plaintiffs believe they are entitled.

Defendant now moves to dismiss plaintiffs' state law claims (consisting of those claims brought under the West Virginia Wage Payment and Collection Act) for lack of jurisdiction, and the Kentucky plaintiffs' FLSA claims for improper venue.  Specifically, defendant argues that 1) it is entitled to sovereign immunity from suits for violations of state law, and 2) the Tucker Act, which establishes district court jurisdiction for FLSA claims against the government, permits the Kentucky plaintiffs to file suit only in the federal district in which they reside or in the United States Court of

Federal Claims. See 28 U.S.C. § 1402. Plaintiffs respond by conceding dismissal of their state law claims, and moving to transfer this action to the Court of Federal Claims. (Pl.'s Resp. 2).

Accordingly, it is ORDERED that defendant's motion to dismiss, to the extent that it seeks dismissal of plaintiffs' claims under the West Virginia Wage Payment and Collection Act, be, and it hereby is, granted.

## II.

Though both parties seem to agree that this litigation should proceed in the Court of Federal Claims, they cannot agree on how to get there. Plaintiffs contend that this action may simply be transferred. Defendants counter that, inasmuch as no transfer statute is applicable, plaintiffs' claims must be dismissed without prejudice and re-filed in an appropriate forum.

The court construes plaintiffs' motion to transfer this action to the Court of Federal Claims as a motion pursuant to 28 U.S.C. § 1631,[1] which provides that

---

[1] In their motion to transfer, plaintiffs fail to assert a statutory basis for their request. However, in response to
(cont.)

3

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. 1631.  Thus, section 1631 permits transfer only when three conditions are met.  First, the transferor court must lack subject matter jurisdiction.  Second, at the time the case was filed, it must also have been capable of being brought in the transferee court.  Third, the proposed transfer must be "in the interest of justice."  Id.  Section 1631 requires a court to "determine both that it lacks jurisdiction and that the

---

defendant's motion to dismiss, plaintiffs cite 28 U.S.C. §§ 1404(a) and 1406(a), as well as Saraco v. United States, 61 F.3d 863, 863-64 (Fed. Cir. 1995), in which the district court transferred a case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631.  Sections 1404(a) and 1406(a) both provide for transfer from a district court to any other "district or division" where the case could have originally been brought.  Inasmuch as the Federal Circuit has held that the Court of Federal Claims is not a "district or division" for purposes of sections 1404(a) and 1406(a), plaintiffs cannot demonstrate a basis for transfer pursuant to either of those statutes, leaving only section 1631.  See Fisherman's Harvest, Inc. v. PBS & J, 490 F.3d 1371, 1378 ("We hold that [28 U.S.C. § 1404(a)] does not provide for a transfer from a district court to the Court of Federal Claims.").

transferee court possesses jurisdiction." Fisherman's Harvest, Inc., v. PBS & J, 490 F.3d 1371, 1374 (Fed. Cir. 2007).[2]

The second and third requirements are easily satisfied in this case.  As to the second requirement, all parties agree that when plaintiffs' complaint was filed in this court, it could also have been brought in the Court of Federal Claims.  As to the third prerequisite, the court concludes that a transfer to the Court of Federal Claims, inasmuch as it would allow the claims of the West Virginia plaintiffs and the Kentucky plaintiffs to be litigated in one forum, would appropriately reflect the "interest of justice."

Determining whether this case meets the remaining requirement for a section 1631 transfer -- that the transferor court (this court) lacks subject matter jurisdiction over the plaintiffs' claims -- requires a more detailed inquiry.  It is plaintiffs' duty to plead the basic facts establishing a court's subject matter jurisdiction.  Fed R. Civ. P. 8(a)(1).  In FLSA claims against the government, jurisdiction can be established

---

[2] Pursuant to 28 U.S.C. § 1295(a)(2) the Federal Circuit has exclusive appellate jurisdiction over all Tucker Act claims filed in the United States district courts.  Further, 28 U.S.C. § 1292(d)(4)(A) vests the Federal Circuit with exclusive jurisdiction over interlocutory appeals from a district court order granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims pursuant to section 1631.

solely under the Tucker Act. <u>Saraco v. United States</u>, 61 F.3d 863, 865 (Fed. Cir. 1995). Though the "Little" Tucker Act conveys concurrent jurisdiction to federal district courts for claims not exceeding $10,000, 28 U.S.C. § 1346(a)(2), the "Big" Tucker Act requires that any claim for more than $10,000 be litigated in the Court of Federal Claims. 28 U.S.C. § 1491(a)(1). Consequently, jurisdiction in this court is proper only if plaintiffs have asserted a claim for $10,000 or less.

In this case, the complaint is silent with respect to the amount of damages sought.[3] Yet, if it is incumbent upon plaintiffs to establish the court's jurisdiction over its claims, then in the context of the "Little" Tucker Act, plaintiffs must affirmatively state a claim for less than $10,000. See <u>Leveris v. England</u>, 249 F.Supp.2d 1, 4 (D. Me. 2003) (failure to establish amount of claim resulting in no jurisdiction under "Little" Tucker Act). It is not possible for

---

[3] For the first time, in their motion to transfer, plaintiffs state that "it is anticipated that plaintiffs' claims will exceed [$10,000]." (Pl.'s Mot. to Trans. 1). Had this statement appeared in the complaint (and supposing it had some basis in fact), it would have been obvious that the court lacked jurisdiction under the Tucker Act. Ordinarily, however, when a plaintiff simply fails to allege facts upon which jurisdiction can be based, the court may not go beyond the allegations of the complaint. <u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009).

the court, upon the facts properly before it, to do anything but speculate as to the amount of unpaid wages potentially owed plaintiffs.  Therefore, in the absence of any allegation that their claims are for $10,000 or less, plaintiffs have -- to their advantage, as it turns out -- failed to establish subject matter jurisdiction in this court.

      Accordingly, the court finds that, inasmuch as: 1) this court lacks subject matter jurisdiction over plaintiffs' FLSA claims; 2) this case, at the time of filing, could have been brought in the Court of Federal Claims; and 3) transfer of this case to the Court of Federal Claims would be "in the interest of justice," then, pursuant to section 1631, this case should be so transferred.

### III.

      For the foregoing reasons, the court ORDERS that plaintiffs' motion to transfer this case to the United States Court of Federal Claims be, and it hereby is, granted; and it is further ORDERED that the residue of defendant's motion to dismiss, wherein it seeks dismissal of the Kentucky plaintiffs' FLSA claims for improper venue, be, and it hereby is, denied as moot.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: December 29, 2011

_____
John T. Copenhaver, Jr.
United States District Judge